**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-2077-WJM

RACHEL A. NICKELS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER VACATING AND REMANDING
DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

---

This matter is before the Court on Plaintiff Rachel Nickels's appeal from the Final Decision of Defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for disability and supplemental security income. Plaintiff has filed her Opening Brief (ECF No. 13), the Commissioner filed a Response (ECF No. 18), and Plaintiff filed a Reply (ECF No. 19). The Commissioner has also filed the administrative record with the Court. (ECF No. 7.) On May 1, 2012, this action was reassigned to the undersigned. (ECF No. 20.) After carefully analyzing the briefs and the administrative record, the Court VACATES the Commissioner's Final Decision and REMANDS for further proceedings consistent with this Order.

## I. JURISDICTION

The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff alleged that she became disabled in May 2008, when she was 28 years

old, because of depression and bipolar disorder. (ECF No. 7 at 99, 103, 171.) Plaintiff completed high school and two years of college, and worked in the past at skilled and semi-skilled jobs, including certified nurse assistant, telemarketer, and various restaurant occupations. (*Id*. at 99, 172, 176, 186-93, 204.)

After Plaintiff's application for disability and supplemental security income was denied, she requested a hearing before an administrative law judge. (*Id.* at 20-46.) In April 2010, Administrative Law Judge Kathryn D. Burgchardt (the "ALJ") presided over Plaintiff's hearing. (*Id.*)

On June 21, 2010, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id*. at 9-19.) The ALJ made the following findings of fact and conclusions of law (in line with the governing five-part test to determine disability, described *infra*). Under Step 1, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 2, 2008, her alleged onset date. (*Id*. at 11.) At Steps 2 and 3, the ALJ determined that Plaintiff had severe impairments consisting of bipolar disorder and anxiety disorder that did not meet or equal the requirements of a listed impairment. (*Id*. at 11-12.) Also under Step 3, the ALJ further determined that Plaintiff had a residual functional capacity ("RFC") to perform simple, unskilled work, with no exertional limitations, that involved one, two, or three-step instructions. (*Id*. at 13.)

Under Step 4, the ALJ found that Plaintiff's RFC did not allow her to return to her past relevant work as a certified nurse assistant, telemarketer, or restaurant employee. (*Id*. at 18-19.) However, under Step 5, as a result of the RFC assessment, and

considering Plaintiff's age, education, and work experience, the ALJ held that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*)

Plaintiff appealed the ALJ's decision, and the Appeals Council denied her appeal.  (*Id.* at 1-5.)  She then appealed that decision by initiating this administrative appeal on August 9, 2011.  (ECF No. 1.)

### III.  ANALYSIS

**A.     Standard of Review**

A district court's review of the Commissioner's determination that a claimant is not disabled within the meaning of the Social Security Act is limited.  *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497 (10th Cir. 1992).  The review is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence.  *Id.* at 1497-98; *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla of evidence but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d

1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal."). Although a reviewing court should meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

**B.    Evaluation of Disability**

The criteria to obtain disability insurance benefits under the Social Security Act are that a claimant meets the insured status requirements, is younger than 65 years of age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [that] can be expected to result in death or [that] has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).

There is a five-step sequence for evaluating disability.  See 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis).  If it is determined that a claimant is or is not disabled at any point in the analysis, the analysis ends.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).  First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity.  20 C.F.R. § 404.1520(b).  Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities.  *Id.* § 404.1520(c). At the third step, if the impairment matches or is equivalent to an

established listing under the governing regulations, the claimant is judged conclusively disabled. *Id.* § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to a fourth step. *Id.* § 404.1520(e). At the fourth step, the claimant must show that the "impairment prevents [him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *see also* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is not able to perform his or her previous work, the analysis proceeds to a fifth step. At the fifth step, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also* 20 C.F.R. § 404.1520(g).

**C.     Discussion**

In her briefs, Plaintiff argues, *inter alia*, that the ALJ erred by: (1) failing to properly weigh the conflicting opinions concerning Plaintiff's medical impairments; (2) failing to have valid reasons for rejecting the opinions of Plaintiff's treating psychotherapist; and (3) failing to weigh all the medical opinions in the record. (ECF No. 13.) The Court agrees that the ALJ failed to adequately state the weight given to all relevant medical opinions, and vacates and remands on this basis.

"An ALJ must evaluate every medical opinion in the record." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). In determining what weight to give any medical opinion, the ALJ must consider factors such as whether the physician personally examined the claimant, whether the physician was a treating physician, the extent to which the physician gave supporting explanations for her opinions, and the extent to which the physician's opinions are consistent with the record as a whole. *See* 20 C.F.R. § 416.927(d). "After considering the pertinent factors, the ALJ must give good reasons in the notice of determination or decision for the weight he ultimately assigns the opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation marks and brackets omitted). The ALJ is required to weigh every relevant medical opinion he or she receives. *See* 20 C.F.R. §404.1527(d).

Plaintiff argues that the ALJ erred by failing to state the weight given to the medical opinions of: (1) Dr. Brett Valette, Ph.D., who performed a consultative psychological examination of Plaintiff in conjunction with her application for disability benefits (ECF No. 7 at 376-78); and (2) Nurse Practitioner Veronica Sandoval, who saw Plaintiff approximately 10 times between February 2009 and March 2010, primarily for medication management (*Id*. at 422-34, 439-40). Defendant concedes that "the ALJ did not articulate the weight" given to these medical opinions, but contends that it is "clear from the ALJ's analysis" that the ALJ considered these medical opinions "in light of the record as a whole. . ." (ECF No. 18 at 15-16; 19-20.)

The Court disagrees with Defendant's assertion and finds that it was error for the ALJ not to adequately state and explain what weight she gave to these medical

opinions. *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (ALJ's reasons must be sufficiently specific to make clear to any subsequent reviewers the weight given to the medical opinion, and the reasons for that weight); 20 C.F.R. §404.1527(f)(2)(ii)("[T]he administrative law judge must explain in the decision the weight given to the opinions . . ." of any treating, non-treating and non-examining sources).

While the Court is not passing judgment on the proper weight that should be accorded the various medical opinions described above, the ALJ's failure to weigh these opinions constitutes reversible error, and this case will be vacated and remanded on that basis. *See Hamlin*, 365 F.3d at 1215; *Jensen*, 436 F.3d at 1165; *Winfrey*, 92 F.3d at 1019.

Because the Court vacates and remands based on the ALJ's failure to adequately weigh the aforementioned medical opinions, the Court need not address the other arguments raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (where the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal). The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of those arguments. The Court also does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand. *See Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case]. Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the

Case 1:11-cv-02077-WJM   Document 21   Filed 09/12/12   USDC Colorado   Page 8 of 8

case.") (citation and quotation marks omitted).

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that the Commissioner's final decision is VACATED and the case is REMANDED for further proceedings consistent with this Order.

Dated this 12th day of September, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge